**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division**

| | |
|---|---|
| MLR, LLC, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1:14cv135 (GBL/TCB) |
| ) | |
| DELL INC., ) | |
| ) | |
| Defendant. ) | |

**BRIEF IN SUPPORT OF MOTION TO FILE AN EARLY AND
ONE ADDITIONAL SUMMARY JUDGMENT MOTION**

Defendant Dell Inc. ("Dell"), by and through its attorneys, respectfully moves this Court to grant Dell leave to file an early summary judgment motion regarding patent invalidity, and leave to file one additional summary judgment motion to the extent that an additional motion is appropriate once the parties have taken discovery. Dell's early motion for summary judgment would address the discrete, purely legal, invalidity issue of indefiniteness under 35 U.S.C. § 112. This purely legal issue, based on the text of the patents in suit, is appropriate for early summary determination. Although not entirely case-dispositive, Dell's early motion would address invalidity with respect to the primary asserted claims and would significantly limit the scope of this case as the parties undertake discovery, expert disclosures, claim construction, and ultimately prepare this case for trial.

**I.     Factual Background**

MLR, LLC ("MLR") filed this patent infringement action against Dell on May 7, 2014 asserting various claims of U.S. Patent Nos. 7,386,322, 7,343,173, 6,961,584, 6,934,558, 6,134,453, and 5,854,985 (the "Asserted Patents"). The vast majority of the potential liability in

this case is based on MLR's allegations with respect to the '985, '453, '558, and '322 Patents. Although MLR has not yet filed its Amended Complaint, and Dell has not filed an answer thereto, the validity of the Asserted Patents, especially the primary patents that would be addressed in Dell's motion for summary judgment, will be a critical issue for determination by the Court in this litigation.

Discovery has just begun in this case. Dell served its objections to MLR's first set of discovery requests on August 6, 2014, and expects MLR to serve its objections shortly. The parties' substantive discovery responses are due beginning on August 21, 2014. Notably, the parties have not taken or noticed any depositions, exchanged infringement or invalidity contentions, or begun the claim construction process, all of which will require substantial resources of the parties and the Court.

**II.     Argument**

Local Rule 56(C) provides that "[u]nless permitted by leave of Court, a party shall not file separate motions for summary judgment addressing separate grounds for summary judgment." The rule typically promotes efficiency by requiring parties to simultaneously present all summary judgment arguments to the Court in a single motion.

In the present case, however, permitting Dell to file an early summary judgment on the discrete legal issue of indefiniteness of the primary asserted patents under 35 U.S.C. § 112 could significantly streamline the issues to be addressed through discovery, including interrogatory responses, document production, depositions, and requests for admission, as well as expert discovery and disclosures, claim construction and preparation for trial. The Court's ruling on Dell's early motion for summary judgment of indefiniteness could also be a catalyst for meaningful settlement negotiations.

The Federal Circuit has recognized that whether a patent is invalid for indefiniteness is a legal question. *In re Aoyama*, 656 F.3d 1293, 1299 (Fed. Cir. 2011). Further, "[i]t is axiomatic that one cannot infringe an invalid patent." *Commil USA, LLC v. Cisco Sys., Inc.*, 720 F.3d 1361, 1368 (Fed. Cir. 2013). Thus, deciding whether any or all of the Asserted Patents are invalid for indefiniteness at this stage of the litigation could substantially reduce the cost and complexity of this litigation by allowing the parties and the Court to focus only on those patents, if any, that are actually valid.

Dell's early motion for summary judgment would address a specific legal issue that is ripe for the Court's consideration, specifically, whether the primary asserted patents are invalid as indefinite under 35 U.S.C. § 112. The Supreme Court's recent *Nautilus, Inc. v. Biosig Instruments, Inc.* decision overturned the Federal Circuit's long-standing "insolubly ambiguous" and "not amenable to construction" tests, finding that they failed to strike the proper balance between the inherent limitations of language and the requirement that patents be precise enough to "afford clear notice of what is claimed, thereby apprising the public of what is still open to them." *Nautilus, Inc. v. Biosig Instruments, Inc.*, 134 S.Ct. 2120, 2129 (2014) (internal quotation and alteration marks omitted). Under this new standard, Dell will establish that the primary patents fail to disclose any corresponding structure for certain means plus function claim elements and that accordingly, those patents are invalid under 35 U.S.C. § 112 and the Court's recent guidance in *Nautilus*. Dell's position will be based on the patents' disclosures, and will ***not*** require any additional facts that could be gleaned through discovery or other sources.

Because invalidity under 35 U.S.C. § 112 in this instance is a legal question, this issue can be decided very early in the litigation, even before the parties have exchanged any discovery. *See KBA-Giori, N. Am., Inc.*, Case No. 2:08cv34 (E.D. Va. Jan. 21, 2009) (Morgan, J.) (granting

motion for leave to file separate summary judgment motions where "the Court's consideration of the applicability of § 1498(a) at an earlier stage is in the best interest of the parties and judicial efficiency"). In short, receiving an early decision on this discreet invalidity issue would streamline the discovery process, better enable the parties to engage in meaningful settlement discussions, and enable the parties and the Court to appropriately focus on the real issues for trial.

Dell believes that discovery will likely reveal other substantive invalidity and noninfringement issues that may be suitable for summary judgment disposition. Permitting Dell to file one additional motion for summary judgment, to the extent that one additional motion is appropriate at the close of discovery, could further streamline the issues for trial. Local Rule 56(C) is undoubtedly intended to prevent abusive summary judgment practices. No such abuse would be occasioned here because Dell's early motion for summary judgment would likely lead to a dispositive ruling with respect to the primary patents asserted in this litigation. Dell would only bring a subsequent motion for summary judgment to the extent that it would be appropriate after further discovery.

### III.     Conclusion

Based on the above, Dell respectfully requests that this Court grant Dell leave to file an early summary judgment motion regarding invalidity, and leave to file one additional summary judgment motion to the extent that an additional motion is appropriate once the parties have taken discovery.

Date:  August 8, 2014                              Respectfully submitted,

                                                   /S/ *Charles B. Molster, III*
                                                   Charles B. Molster, III
                                                   (VSB No. 23613)
                                                   Attorney for Defendant Dell Inc.
                                                   WINSTON & STRAWN LLP
                                                   1700 K Street, N.W.

Washington, D.C. 20006
T: (202) 282-5988
F: (202) 282-5100
cmolster@winston.com

Kimball R. Anderson (*pro hac vice*)
Kathleen B. Barry (*pro hac vice*)
Amadou K. Diaw (*pro hac vice*)
WINSTON & STRAWN LLP
35 West Wacker Drive
Chicago, IL 60601-5600
T: (312) 558-5600
F: (312) 558-5700
kanderson@winston.com
kbarry@winston.com
adiaw@winston.com

*Attorneys for Defendant Dell Inc.*

## **CERTIFICATE OF SERVICE**

I hereby certify that on August 8, 2014, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to all registered participants.

/S/ *Charles B. Molster, III*
Charles B. Molster, III