IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| MLR, LLC,<br><br>     Plaintiff,<br><br>  v.<br><br>Dell Inc.,<br><br>     Defendant | Case No. 1:14cv135 (GBL/TRJ) |

## AMENDED DISCOVERY PLAN

MLR, LLC ("MLR" or "Plaintiff") and Defendant Dell Inc. ("Dell" or "Defendant") submit this Proposed Discovery Plan in connection with the Rule 16(b) Scheduling Conference on August 6, 2014.

**I. PROTECTIVE ORDER**

The Parties shall submit a stipulated protective order to the Court on or before August 13, 2014. Should the Parties fail to agree, by August 11, 2014, they shall file cross-motions for entry of a protective order noticed for hearing on August 15, 2014. Prior to entry of a protective order, documents and information produced shall be treated as highly confidential, outside attorneys' eyes only.

**II. INITIAL DISCLOSURES OF ASSERTED CLAIMS, INFRINGEMENT CONTENTIONS, AND INVALIDITY CONTENTIONS**

The Rule 26(a)(1) disclosures shall be augmented as follows:

 A. **Initial Disclosures and Contentions.**

   1. The Parties shall serve their Rule 26(a)(1) disclosures on or before August 11, 2014.

2. On or before August 22, 2014, MLR shall identify the patent claims that it is asserting against Dell.

3. On or before August 22, 2014, MLR shall serve its Infringement Contentions which must identify, as specifically as possible, the following information:

    a. All accused products, systems or methods.

    b. For each limitation of each asserted claim of each of the Patents-in-Suit contended to be met by an accused product, system or method, a claim chart identifying specifically where each limitation of each asserted claim is found within each accused product, system or method, whether each such limitation is present literally or under the doctrine of equivalents, whether the alleged infringement is direct, contributory and/or inducing and for each limitation that is contended to be governed by 35 U.S.C. § 112(6), the identity of the structure, act, or material in the accused product, system or method that correspond to the structure, act, or material identified in the patent specification that performs the claimed function.

4. Defendant shall serve its Invalidity Contentions on or before September 22 2014, which must identify as specifically as possible the following information:

    a. Each item or combination of prior art that Defendant contend anticipates any of the asserted claims of the Patents-in-Suit;

    b. Each item or combination of prior art that Defendant contend renders any of the asserted claims of the Patents-in-Suit obvious and any apparent reason or motivation to combine such items;

    c. A claim chart identifying specifically where each limitation of each claim of the Patents-in-Suit contended to be invalidated by Defendant is found within each item of prior art, including whether the prior art reference inherently discloses the limitation, and for each limitation that Defendant contend is governed by 35 U.S.C. § 112(6), the identity of the structure, act, or material in each item of prior art that correspond to the structure, act, or material identified in the patent specification that performs the claimed function;

    d. An explanation of how each piece of prior art qualifies as prior art under 35 U.S.C. § 102; and

    e. Any grounds of invalidity for any of the asserted claims of the Patents-in-Suit based on failure to fulfill subject matter eligibility under 35 U.S.C. § 101 the enablement or written description requirements under 35 U.S.C. § 112(1) or indefiniteness under 35 U.S.C. § 112(2).

B. **Adjustment to Discovery Due Dates.** To the extent that pending discovery requests call for disclosure of information required by the identification of asserted claims, infringement contentions or the invalidity contentions, the due dates for the corresponding discovery responses shall be deemed adjusted to the dates for such disclosures and contentions.

III. **DISCOVERY LIMITS**

    A. **Discovery and Case Schedule.** All discovery will be completed by November 14, 2014. The Parties jointly propose to the Court the pretrial schedule attached hereto.

    B. **Expert Disclosures.** The Parties shall serve expert disclosures by Federal Rule of Civil Procedure 26(a)(2) on all issues on which they bear the burden of proof by September 22, 2014. Responsive expert disclosures pursuant to Federal Rule of Civil Procedure 26(a)(2) shall be served by October 14, 2014, and any rebuttal reports shall be due by October 28, 2014.

    C. **Expert Discovery.** All expert discovery will be completed by November 14, 2014.

        1. In addition to the exemptions from discovery provided by Rule 26(b)(4), the following provisions shall apply: A testifying expert's draft reports, notes, outlines, and any other writings leading up to his or her final report(s) in this case are exempt from discovery. In addition, all communications with and all materials generated by a testifying expert with respect to his or her work on this case are exempt from discovery unless relied upon by the expert in forming his or her opinions. The expert must produce his or her final report and all materials on which he or she relied.

    D. **Estimated Trial Time.** The Parties anticipate that trial will last approximately seven to ten days, which estimate may change depending on the issues remaining as trial nears. The Parties do not agree to trial before a Magistrate Judge. A jury trial has been demanded on all issues triable by jury.

E. **Service of Pleadings, Motions, Other Papers, and Discovery Requests and Responses.**

1. All pleadings, motions, discovery requests, and other papers that are filed or served are to be served on the other party electronically as provided by the Federal Rules and local rules.

2. The Parties agree to serve by email all other court submissions, discovery requests and written responses, and other papers that are not filed. Service must be on at least one lead and at least one local counsel. The serving party shall attach the pleading or paper in "Portable Document Format" (.pdf) or other form of electronic file; if transmission of voluminous materials (such as a compendium of attachments or transcripts) as an email attachment or through other electronic means is impractical, then those materials shall be served by overnight delivery via service with the ability to track deliveries and verify receipt.

3. The Parties acknowledge that service by electronic means for any paper after the date of this Proposed Discovery Plan shall be deemed equivalent to service by hand and a party will not receive the additional three (3) days to any response time in accordance with Federal Rule of Civil Procedure 6(d).

4. Service copies of papers by email or by hand shall be delivered to the opposing party such that the email or hand delivery is received by the other party on or before 6:00 p.m. Eastern Time; delivery after that time shall constitute service being effectuated the next business day; the

provision does not alter any ECF or other filing deadlines set by Court rule or order.

F. **Changes in Limitations on Discovery**

    1. **Limits on Depositions Under Federal Rule of Civil Procedure 30(b)(1)**

        a. **Number of Depositions.** The Parties are limited to ten depositions of fact witnesses, exclusive of inventors to the patents in suit.

        b. **Time Limits for Depositions.** Each fact witness deposition, whether of a party or non-party witness, shall not exceed seven hours absent an order of the Court.

    2. **Limits on Depositions Under Federal Rule of Civil Procedure 30(b)(6).**

        a. Absent an order of the Court, each party will be subject to no more than 35 hours of designee deposition time regardless of the number of designees.

        b. The Parties will identify all designees under Rule 30(b)(6) at least three business days before their deposition.

        c. If a personal deposition notice has been served upon an individual who also is testifying as a designee, the Parties shall meet and confer in an effort to coordinate the individual and designee depositions. The individual and designee depositions, however, are subject to separate time limits.

    3. **Written Discovery.**

        a. Interrogatory answers and responses to document requests shall be served as provided in the Federal and Local Rules and this Order. The Parties may make rolling productions of responsive

documents, provided that each wave of production is produced within a reasonable time.

4. **Privilege Logs.**

   a. The deadline to serve a privilege log corresponding to a document production shall be 14 days after service of that document production.

   b. Nothing in this provision affects or changes a Party's ability to challenge any Party's rights to withhold any document based on the attorney-client privilege, work product doctrine, or other legal privileges or immunities.

   c. The Parties need not identify any work product or privileged documents and things created after the filing of the Complaint in this action on any privilege log.

5. **Electronic Discovery.**

   a. **ESI Order.** The Parties shall submit a stipulated Order regarding the production of Electronically Stored Information (the "ESI") no later than August 12, 2014. Should the Parties fail to agree, then they shall file any motions for entry of an ESI Order, noticed for hearing on August 15, 2014. The fact that an ESI Order has not been entered by the Court does not excuse any party's discovery obligations.

   b. **Preservation of Electronically Stored Information.**
   ***Parties and Counsel***: The Parties and their counsel shall retain, and preserve all electronic media in their possession, custody, or

control that contain data, files, and communications relevant to the claims and defenses in this case, from all reasonably identifiable and accessible sources. The Parties shall notify all potential individual users of computer equipment or the data, files, and communications of the immediate need to preserve all existing data, files, and communications.

*Experts*: Any testifying experts retained by the Parties shall retain and preserve all electronic media in their possession, custody, or control that contain data, files, and communications relevant to the claims and defenses in this case, and any materials reviewed, from all reasonably identifiable sources (including, but not limited to, mainframe computers, servers, laptops and work stations, personal digital assistants, and back-up tapes), excluding only correspondence with counsel and any drafts sent to counsel or others for non-final review, which shall be excluded from discovery by agreement of the Parties.

c.  **Non-Party Documents.** Within five business days of receipt of documents subpoenaed from a non-party, the receiving party will either produce those documents to all other Parties or otherwise make them available for inspection and copying, the copying expense to be borne by the other Parties.

IV. SUMMARY JUDGMENT AND MARKMAN

A. **Claim Construction.**

- On September 3, 2014, the Parties shall serve lists of identifying claim terms for construction.
- On September 10, 2014, the Parties shall exchange proposed constructions of the claim terms exchanged, and the Parties shall meet and confer on or before September 12, 2014, to discuss these constructions in an attempt to limit the number of claim terms to be construed.
- If the Court grants Defendant's motion to have claim construction briefed separately from summary judgment, the briefing shall be set by the Court. The proposal for briefing is as follow:
- [**Plaintiff's proposal:** On September 19, 2014, MLR shall file and serve its opening claim construction brief.
- On September 30, 2014, Dell shall file and serve its responsive claim construction brief.
- On October 6, 2014, MLR shall file and serve its reply claim construction brief.]
- [**Defendant's proposal:** On September 19, 2014 the Parties shall file their opening claim construction briefs.
- On September 30, 2014 the Parties shall file their responsive claim construction briefs.]
- The Parties agree to meet and confer in good faith to schedule a hearing on claim construction to the satisfaction of the Court.

     B.    **Summary Judgment.** Defendant may submit a motions for leave to file multiple motions for summary judgment for District Judge Lee's consideration.

## V. PRE-TRIAL MOTIONS

     A.    **Motions in Limine and Daubert Motions.** The Parties will submit and notice all Motions in Limine and Daubert Motions such that they may be heard on a Friday at least two weeks before the trial date.

## VI. MODIFICATION OF THIS PLAN

The Parties may modify this Discovery Plan only by written agreement or by Order of the Court and only to the extent that such agreement does not conflict with any other Order of the Court. Nothing in this Discovery Plan shall be construed as precluding any Party from seeking a modification to this Discovery Plan.

SEEN AND AGREED:

/s/_____                                                                    Dated: <u>August 14, 2014</u>
Amy S. Owen (VSB #27692)
Nicholas Valdis Cummings
John Daniel Victor Ferman
BrigliaHundley PC
3975 University Dr
Suite 100
Fairfax, VA 22030
703-883-9101
Fax: 703-942-8092
Email: aowen@brigliahundley.com
Email: ncumings@brigliahundley.com
Email: jferman@brigliahundley.com

William Flachsbart
Michael R. La Porte
Flachsbart & Greenspoon LLC
333 N. Michigan Ave., Suite 2700
Chicago, IL 60601-3901
Phone: (312) 551-9500
Fax: (312) 551-9501
Email: wwf@fg-law.com
Email: mrl@fg-law.com

*Attorneys for MLR, LLC*

SEEN AND AGREED:

/s/ _____                                        Dated: <u>August 14, 2014</u>
Charles B. Molster, III
(VSB No. 23613)
Winston & Strawn LLP
1700 K Street, N.W.
Washington, D.C.  20006
T: (202) 282-5988
F: (202) 282-5100
cmolster@winston.com

Kimball R. Anderson (*pro hace vice*)
Kathleen B. Barry (*pro hac vice*)
Winston & Strawn LLP
35 West Wacker Drive
Chicago, IL  60601-5600
T: (312) 558-5600
F: (312) 558-5700
kanderson@winston.com
kbarry@winston.com

*Attorneys for Defendant Dell Inc.*

## PROPOSED CASE SCHEDULE (Sorted by Date)

| Event | Date |
|---|---|
| Rule 16(b) Initial Pretrial Conference | August 6 (Wed.) |
| Rule 26(a)(1) Initial Disclosures | August 11 (Mon.) |
| Protective Order (stipulated or by motion) | August 13(Wed.) |
| ESI Order (stipulated or by motion) | August 13 (Wed.) |
| *Hearing on Protective Order and ESI Order* (if necessary) | August 15 (Fri.) |
| Plaintiff serves Identification of Asserted Claims | August 22 (Fri.) |
| Plaintiff serves Infringement Contentions | August 22 (Fri.) |
| Parties exchange claim terms to be construed | September 3 (Wed.) |
| Parties exchange proposed constructions of disputed claim terms | September 10 (Wed.) |
| Parties meet and confer concerning proposed claim constructions | September 12 (Fri.) |
| [MLR proposal: MLR Files Opening Claim Construction Brief.]<br>[Defendant's proposal: Parties File Opening Claim Construction Brief] | September 19 (Fri.) |
| Rule 26(a)(2) Expert Disclosures on Issues for Which a Party Has the Burden of Proof | September 22 (Mon.) |
| Defendant serves Invalidity Contentions | September 22 (Mon.) |
| [MLR proposal: Dell Files Responsive Claim Construction Brief.]<br>[Defendant's proposal: Parties File Responsive Claim Construction Brief] | September 30 (Fri.) |
| [MLR proposal: MLR Files Reply Claim Construction Brief.]<br>[Defendant's proposal: No Reply Briefs] | October 6 (Mon.) |
| Rule 26(a)(2) Responsive Expert Disclosures | October 14 (Tue.) |
| Close of Fact and Expert Discovery | November 14 (Fri.) |
| Motions for Summary Judgment | Scheduled After Claim Construction Order |
| Parties File All Motions in Limine and Daubert Motions | Such that hearings maybe held the Friday two full weeks before trial |

13

| Event | Date |
|---|---|
| Final Pretrial Conference | November 20 (10:00 a.m.) (Thu.) |