IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION



OCT - 7 2014

CLERK, U.S. DISTRICT COURT
ALEXANDRIA, VIRGINIA

MLR, LLC,

Plaintiff,

v.

DELL INC.,

Defendant.

Case No. 1:14-cv-135 (GBL/TRJ)

## CONSENT PROTECTIVE ORDER

The Court enters the following protective order pursuant to Federal Rule of Civil Procedure 26(c)(1).

1.  **Findings**: The Court finds that the parties to this case may request or produce information involving trade secrets or confidential research and development or commercial information, the disclosure of which is likely to cause harm, including competitive economic harm, to the Party producing such information.

2.  **Definitions**:

    a.  "Confidential" information is information concerning a person's business operations, processes, and technical and development information within the scope of Rule 26(c)(1)(G), the disclosure of which is likely to harm that person's competitive position, or the disclosure of which would contravene an obligation of confidentiality to a third person or to a Court.

    Information is not Confidential if it is disclosed in a printed publication, is known to the public, was known to the Recipient without obligation of confidentiality before the Producer disclosed it, or is or becomes known to the Recipient by means not constituting

a breach of this Order. Information is likewise not Confidential if a person lawfully obtained it independently of this litigation.

b.      "Party" means a named Party in this case.

c.      "Person" means an individual or an entity.

d.      "Producer" means a person who produces information via the discovery process in this case.  A Producer does not have to be a Party, and all Producers in this case can designate Confidential information under this Protective Order.

e.      "Recipient" means a person who receives information *via* the discovery process in this case.

f.      "Confidential Outside Attorneys' Eyes Only" information is information that is extremely confidential and/or sensitive in nature and the disclosure of such information is likely to cause economic harm or significant competitive disadvantage to the Producer or other third party.

3.      **Designation Of Information As Confidential**:

a.      A person's designation of information as Confidential means that the person believes in good faith, upon reasonable inquiry, that the information qualifies as such.

b.      A person designates information in a document or thing as Confidential by clearly and prominently marking it on its face as "CONFIDENTIAL." A Producer may make documents or things containing Confidential information available for inspection and copying without marking them as confidential without forfeiting a claim of confidentiality, so long as the Producer causes copies of the documents or things to be marked as Confidential before providing them to the Recipient.

c.      All information to be disclosed orally (such as at a deposition or hearing) shall provisionally be deemed Confidential for a period of thirty days after the transcript becomes available. Thereafter, the information contained in the transcript will no longer be deemed Confidential unless: (i) counsel for the Producer stated on the record at the deposition or hearing that the information is Confidential; or (ii) counsel for the Producer has advised all parties in writing, within thirty days after receipt of the transcript, that the information is Confidential.

d.      A person's failure to designate a document, thing, or testimony, as Confidential does not constitute forfeiture of a claim of confidentiality as to any other document, thing, or testimony and shall not be deemed a waiver in whole or in part of a claim for confidential treatment.

e.      A person who has designated information as Confidential may withdraw the designation by written notification to all parties in the case.

f.      **Challenges To Designations As Confidential**: After the production of Confidential information, a Party may challenge its designation as Confidential. If a Party disputes a Producer's designation of information as Confidential, the Party shall notify the Producer in writing of the basis for the dispute, identifying the specific document[s] or thing[s] as to which the designation is disputed and proposing a new designation for such materials. The Party and the Producer shall then meet and confer to resolve the dispute without involvement of the Court. If they cannot resolve the dispute, the Party that disputes the designation of information as Confidential may move for a change in the designation of the information. The information shall remain subject to the Producer's designation until the Court rules on the dispute. A Party's failure to contest a

3

designation of information as Confidential is not an admission that the information was properly designated as such.

4. **Use And Disclosure Of Confidential Information**:

    a.    Confidential information may be used exclusively for purposes of this litigation, subject to the restrictions of this order.

    b.    Absent written permission from the Producer or further order by the Court, the Recipient may not disclose Confidential information to any person other than the following:

        i.    a Party's outside counsel of record, including paralegal, secretarial, and other supporting personnel assisting such counsel;

        ii.    a Party's in-house counsel;

        iii.    a Party's officers and employees directly involved in this case whose access to the information is reasonably required to supervise, manage, or participate in this case;

        iv.    stenographers and videographers employed for purposes of this case;

        v.    Party-employed experts and consultants and their staff, employed for purposes of this litigation (subject to the provisions of paragraph 4(d) of this order);

        vi.    outside document copying and/or document coding or computerization services, provided that the manager of such services has been provided with a copy of this Protective Order, and confirms its practices and policies are in substantial compliance with its nondisclosure terms;

vii.    non-technical trial consultants, including graphics and design firms retained by counsel for the Recipient for the purpose of preparing demonstratives or other exhibits, including their supporting personnel, and confirms its practices and policies are in substantial compliance with its nondisclosure terms;

viii.    the authors, senders, addressees or intended copy recipients of such Confidential information;

ix.    employees of the Producer; and

x.    the Court and personnel assisting the Court.

c.    A Party may not disclose Confidential information  pursuant to paragraph 4(b) subsections ii, iii, and v of this order until after the individual has signed an undertaking in the form of Appendix 1 to this Order. At least five business days before the first disclosure of Confidential information to an individual pursuant to paragraph 4(b) subsections ii, iii, and v, the Party proposing to make the disclosure shall serve all parties with the undertaking signed by the individual and for individuals disclosed under subsection v with a copy of his or her *curriculum vitae*. If the Producer has good cause to object to the disclosure (which does not include challenging the qualifications of the expert or consultant), it must serve the Party proposing to make the disclosure with a written objection within three business days after service of the identification. Unless the parties resolve the dispute, the Producer must move the Court promptly for a ruling, and the Confidential information may not be disclosed to the expert, or consultant without the Court's approval.

d.    A Party who wishes to disclose Confidential information to a person not authorized under paragraph 4(b) must first make a reasonable attempt to obtain the

Producer's permission. If the Party is unable to obtain permission, it may move the Court to obtain permission.

    e.  No individual, attorney, or expert for or representing the Recipient who has accessed any Confidential information of a technical nature may prepare or prosecute before a Patent Office any patent or patent application, or draft or revise patent claims, supervise, or assist in the prosecution of any patent application involving the technology alleged to infringe in this litigation for a period ending two (2) years after (i) the complete resolution of this case through entry of a final non-appealable judgment or order for which appeal has been exhausted; (ii) the complete settlement of all claims in this action; or (iii) the individual person(s) cease(s) to represent the Recipient or respective client in this case. Further, no individual who has had access to Confidential information may use any knowledge gained as a result of reviewing such information at any time for any purposes outside of this litigation. For purposes of this paragraph, prohibited prosecution shall include, without limitation: invention identification, invention evaluation, the decision regarding whether to file a patent application for an invention, preparation of and/or amendments to original, continuation, divisional, continuation-in-part, request for continued examination, reexamination, reissue, substitute, renewal or convention patent applications, claim drafting, drafting of any document to be filed with the United States Patent and Trademark Office or any foreign patent office, or consultation on any of the above matters with others performing these activities. Notwithstanding this paragraph, a Recipient's outside counsel may continue to represent existing clients in ongoing matters as of the date of this Order so long as it refrains from using any Confidential information,

6

or knowledge gained as a result of reviewing Confidential information, in any such representation.

5.    **Inadvertent Disclosure**: Inadvertent production of documents or information subject to the attorney-client privilege, work-product immunity, or any other applicable privilege or immunity shall not constitute a waiver of such privilege(s). Inadvertent production of such documents or information shall be handled as follows, without prejudice to the right of any Party to apply to the Court for further protection or disclosure relating to discovery:

    a.    Immediately upon receiving notice from the Producer that documents or materials subject to the attorney-client privilege or work-product immunity have been inadvertently produced, the Recipient shall not review, copy, or otherwise disseminate the documents or materials, or disclose their substance. In addition, the recipient shall return the documents or materials and all copies within five business days from receiving notice.

    b.    If the Recipient believes that it has a good-faith basis for challenging the claim of privilege or work product immunity, counsel for the Recipient shall provide counsel for the Producer with a written explanation of the good-faith basis for that challenge within five business days after receipt of the Producer's request for return. Such explanation shall not delay the initial return obligation. If the parties are unable to resolve the matter, the Recipient may raise the issue with the court, as provided in Fed. R. Civ. P. 26(b)(5)(B). On such a motion, the Producer shall have the burden of proving that the inadvertently produced documents or materials are privileged or immune from discovery.

7

6.     **Submission Of Confidential information To The Court**: All documents of any nature containing Confidential information that are filed with the Court shall be filed under seal using the Court's CM/ECF system and in compliance with Eastern District of Virginia Local Rule 5.~~und~~ *A 2 of the Rule 16(b) Order. AG*

     a.     Where a submitting Party does not file documents submitted to the Court containing its own Confidential information under seal, the submitted material will no longer qualify for protection as Confidential information under this Protective Order after a period of ten business days have elapsed from said submission. This period of time is afforded to allow the submitting Party, in the event that its failure to file its Confidential information under seal was inadvertent or unintended, a reasonable period of time to take appropriate measures to correct its filing as needed.

     b.     Except for use in trial, in the event that any Confidential information is used in motions, briefs, or other documents filed with the Court, such motion, brief, or other document shall be filed under seal and contain a cover sheet including the caption of the case and prominently stating in substance: "FILED UNDER SEAL AND COVERED BY A PROTECTIVE ORDER."

7.     **Use In Court**: The use of Confidential information for the purpose of any hearing or trial that is open to the public is not addressed at this time, but will be the subject of future agreements or orders as the need may arise. If any Party wishes to maintain the confidentiality of any discovery materials in a court hearing or at trial, it shall be the responsibility of such Party to raise the issue with the court.

8.     **Document Disposal**: Upon the conclusion of this case, discovery materials designated Confidential shall, at the request of the Producer, be returned to the Producer within

sixty days or, at the option of the Recipient, be destroyed in that time frame. Upon request, each Recipient shall provide the Producer with a letter certifying that all Confidential material required to be returned or destroyed under this paragraph has been returned or destroyed. Notwithstanding the requirements of this paragraph, Outside Counsel for a Party may retain one complete set of each propounded discovery request and the response thereto but not any documents referenced in a Rule 33(d) response, all pleadings and other documents filed with the Court, notes, memoranda, email, correspondence or electronically stored information constituting work product that was generally based on Confidential discovery materials, hearing transcripts and trial transcripts. The Parties will limit their incorporation of Confidential information in pleadings to only what is necessary to support the pleadings. Such Confidential information shall remain subject to all requirements of this order. In the event of a subpoena seeking such Confidential information, the Party or person receiving the subpoena shall give outside counsel for the Producer notice of the subpoena so that the latter may protect its interests.

9. **Originals**: A legible photocopy of a patents may be used as the "original" for all purposes in this action. The original, in whatever form the producing Party has it, must be made available to any other Party after a reasonable written request.

10. **Survival Of Obligations**: This order's obligations regarding Confidential information survive the conclusion of this case.

11. **Use And Disclosure Of Confidential Outside Attorneys' Eyes Only Information**:

   a. All provisions of the Protective Order concerning or relating to Confidential information except Section 4 ("Use And Disclosure Of Confidential Information") and Section 7 ("Use In Court") shall fully and equally apply to

9

Confidential Outside Attorneys' Eyes Only information.   Sections 4 and 7 of the Protective order shall not apply to Confidential Outside Attorneys' Eyes Only information.

  b. Confidential Outside Attorneys' Eyes Only information may be used exclusively for purposes of this litigation, subject to the restrictions of this order and exclusively to protect information of third-parties not information belonging exclusively to MLR or Dell.

  c. Absent written permission from the Producer, or further order from the Court, the Recipient may not disclose Confidential Outside Attorneys' Eyes Only information to any person other than the following:

   i. a Party's outside counsel of record, including paralegal, and other supporting personnel assisting such counsel;

   ii. stenographers and videographers employed for purposes of this case;

   iii. Party-employed experts and consultants and their staff employed for purposes of this litigation, provided that disclosure is only to the extent necessary to perform such work;

   iv. outside document copying and/or document coding or computerization services, provided that the manager of such services has been provided with a copy of this Protective Order, and confirms its practices and policies are in substantial compliance with its nondisclosure terms;

   v. non-technical trial consultants, including graphics and design firms retained by counsel for the Recipient for the purpose of preparing demonstratives

or other exhibits, including their supporting personnel, and confirms its practices and policies are in substantial compliance with its nondisclosure terms;

      vi.     the authors, senders, addressees or intended copy recipients of such information;

      vii.    employees of the Producer; and

      viii.   the Court and personnel assisting the Court.

     d.    A Party may not disclose Confidential Outside Attorneys' Eyes Only information pursuant to paragraph 11(c) subsection iii of this order until after the individual has signed an undertaking in the form of Appendix 1 to this Order. At least five business days before the first disclosure of Confidential Outside Attorneys' Eyes Only information to an individual pursuant to paragraph 11(c) subsection iii, the Party proposing to make the disclosure shall serve all parties with the undertaking signed by the individual and with a copy of his or her curriculum vitae. If the Producer has good cause to object to the disclosure (which does not include challenging the qualifications of the expert or consultant), it must serve the Party proposing to make the disclosure with a written objection within three business days after service of the identification. Unless the parties resolve the dispute, the Producer must move the Court promptly for a ruling, and the Confidential Outside Attorneys' Eyes Only information may not be disclosed to the expert, or consultant without the Court's approval. Individuals, who have previously signed a confidentiality undertaking in the form of Appendix 1 to the Stipulated Protective Order entered August 15, 2014, are deemed to have already complied with this provision.

      e.     No individual, attorney, or expert for or representing the Recipient who has accessed any Confidential Outside Attorneys' Eyes Only information of a technical nature may prepare or prosecute before a Patent Office any patent or patent application, or draft or revise patent claims, supervise, or assist in the prosecution of any patent application involving the technology alleged to infringe in this litigation for a period ending two (2) years after (i) the complete resolution of this case through entry of a final non-appealable judgment or order for which appeal has been exhausted; (ii) the complete settlement of all claims in this action; or (iii) the individual person(s) cease(s) to represent the Recipient or respective client in this case. Further, no individual who has had access to Confidential Outside Attorneys' Eyes Only information may use any knowledge gained as a result of reviewing such information at any time for any purposes outside of this litigation.  For purposes of this paragraph, prohibited prosecution shall include, without limitation: invention identification, invention evaluation, the decision regarding whether to file a patent application for an invention, preparation of and/or amendments to original, continuation, divisional, continuation-in-part, request for continued examination, reexamination, reissue, substitute, renewal or convention patent applications, claim drafting, drafting of any document to be filed with the United States Patent and Trademark Office or any foreign patent office, or consultation on any of the above matters with others performing these activities.  Notwithstanding this paragraph, a Recipient's outside counsel may continue to represent existing clients in ongoing matters as of the date of this Order so long as it refrains from using any Confidential Outside Attorneys' Eyes Only information, or knowledge gained as a result of reviewing Confidential Outside Attorneys' Eyes Only information, in any such representation.

     f.     The Court will take appropriate measures to protect information designated as Confidential Outside Attorneys' Eyes Only at trial and any hearing in this case.

     SO ORDERED:

Dated: *10/7/14*                    /s/Thomas Rawles Jones, Jr.
                         Judge, United States District Court for the
                         Eastern District of Virginia, Alexandria Division

                         THOMAS RAWLES JONES, JR.
                         U.S. MAGISTRATE JUDGE
                         EASTERN DISTRICT OF VIRGINIA

13

SEEN AND AGREED:

Date: October 6, 2014

Charles B. Molster, III (VSB No. 23613)
Amadou Kilkenny Diaw (*pro hac vice*)
Attorneys for Defendant Dell Inc.
WINSTON & STRAWN LLP
1700 K Street, N.W.
Washington, DC  20006
T: (202) 282-5988
F: (202) 282-5100
cmolster@winston.com

Kimball R. Anderson (*pro hac vice*)
Kathleen B. Barry (*pro hac vice*)
WINSTON & STRAWN LLP
35 West Wacker Drive
Chicago, IL  60601-5600
T: (312) 558-5600
F: (312) 558-5700
kanderson@winston.com
kbarry@winston.com

*Attorneys for Defendant Dell Inc.*

Kristin A.M. Zech (VSB No. 68826)
kzech@brigliahundley.com
Amy S. Owen (VSB No. 27692)
aowen@brigliahundley.com
Nicholas V. Cumings (VSB No. 82022)
ncumings@brigliahundley.com
BRIGLIAHUNDLEY, P.C.
3975 University Dr, Suite 100
Fairfax, VA 22030
Tel: (703) 883-9101
Fax: (703) 942-8092

William Flachsbart
wwf@fg-law.com
Michael R. La Porte
mrl@fg-law.com
Flachsbart & Greenspoon LLC
333 N. Michigan Ave., Suite 2700
Chicago, IL 60601-3901
Phone: (312) 551-9500
Fax: (312) 551-9501

*Attorneys for Plaintiff MLR, LLC*

## Appendix 1

### Confidentiality Undertaking

_____ declares that:

I have read and believe I understand the terms of the Consent Protective Order dated _____, filed in *MLR, LLC, v. DELL, INC.*, No. 14-cv-135 (E.D.Va.). I agree to comply with and be bound by the provisions of the Protective Order. I understand that any violation of the Protective Order may subject me to sanctions by the Court. I submit to the jurisdiction of the U.S. District Court for the Eastern District of Virginia for the purpose of enforcing or otherwise providing relief relating to the Protective Order.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on: _____. By: _____.
               (Date)               (Signature)